UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
ALDRIN CARAO, )
)
    Plaintiff, )
) Civil Action No. 1:18-cv-11993-IT
v. )
)
BIOGEN INC., )
)
    Defendant . )
_____)

### PLAINTIFF ALDRIN CARAO'S MEMORANDUM OF REASONS
### IN SUPPORT OF HIS MOTION FOR REMAND

NOW COMES YOUR PLAINTIFF Aldrin Carao and hereby states his REASONS in support of his Motion for Remand of this action to the Superior Court of the Commonwealth of Massachusetts, Middlesex County, as follows:

### INTRODUCTION

Plaintiff Aldrin Carao ("Mr. Carao"), who suffers from Parkinson's Disease, worked for defendant, Biogen Inc. ("Biogen"), as an information technology worker from 2012 until early 2016, when he was terminated from his position. On or about May 9, 2016, Mr. Carao filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") alleging that defendant had discriminated against him on the basis of his disability (Parkinson's Disease). His claim was dually filed with the Equal Employment Opportunities Commission ("EEOC"). On or about March 14, 2018, Mr. Carao notified the MCAD he was

withdrawing his charge from the MCAD pursuant to Massachusetts General Laws Chapter 151B §9 in order to file a private civil action in Massachusetts court. The MCAD acknowledged his withdrawal on or about April 11, 2018. On or about May 17, 2018, the EEOC issued a Dismissal and Notice of Rights, which allowed him to file a lawsuit against Biogen under federal law in state or federal court if he so chose.

On or about August 15, 2018, Mr. Carao filed a complaint in Massachusetts Superior Court in which he alleged two counts of discrimination under the Massachusetts state discrimination statute, G.L. c. 151B, entitled "Illegal Discrimination on Account of Disability under G.L. c. 151B" (Count 1) and "Unlawful Retaliation and Interference with Statutory Rights under G.L. c. 151B" (Count 2) in addition to common law claims for breach of contract and breach of the covenant of good faith and fair dealing. Mr. Carao's state court Complaint included no count sounding in United States law.

While Mr. Carao did not allege any claims under the ADA, he did include one extraneous reference to his having removed the action from the MCAD pursuant to state and federal law. Specifically, in ¶77, Mr. Carao asserted, "By the filing of this Complaint, Mr. Carao now removes this action from the MCAD pursuant to the provisions of G.L. C. 151B, § 9 and the Americans with Disability Act." On or about September 21, 2018, defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331 and 1441(c)(1)(A) stating that Mr. Carao had asserted claims under federal law, specifically the ADA, citing ¶ 77 of the complaint.

**ARGUMENT**

1. <u>Because this court does not have federal question jurisdiction over this matter, remand to state court is required.</u>

United States law, 28 U.S.C. § 1447 (c), provides: "if it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal based on federal question

jurisdiction is governed by the well-pleaded complaint rule." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 397 (1987). Under this rule, "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

In *Kay v. Friendly's Ice Cream, LLC.*, No. 14-cv-14062-IT, 2014 U.S. Dist. LEXIS 176738 at 3 (D. Mass. December 23, 2014), this court found that reference in a Superior Court complaint to an administrative charge that stated a claim under federal law did not create federal question jurisdiction where the pleadings did not otherwise reference federal law. In *Kay,* the plaintiff filed a complaint in Massachusetts Superior Court that included a discrimination claim based on retaliation without specifying whether her claim relied on state or federal law. *Id.* at 1-2. The defendant argued that because the complaint referenced the plaintiff's charge at the EEOC, which stated a claim under federal law, the matter warranted a finding of federal question jurisdiction. *Id.* at 2. This court found that merely referring to an administrative complaint that states a federal law claim does not create jurisdiction where the pleading does not otherwise reference federal law. *Id.* at 3. Moreover, the defendant's reading would convert nearly every discrimination claim filed in Massachusetts into federal law because charges are routinely filed with both the state and the federal agencies. *Id.* 3.

This court also found that removal was not proper under the exception to the well-pleaded complaint rule where "a vindication of a right under state law necessarily turns[s] on federal law." *Id*. at 4, citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal*, 463 U.S. 1, 9 (1983). The availability of a parallel federal law cause of action did not create federal question jurisdiction where a wholly state law claim is available. *Id.* at 3-4 citing *Rains v. Criterion Sys., Inc.,* 80 F.3d 229, 344 (9th Cir. 1996).

It is clear that no federal question is presented on the face of the complaint where Mr.

Carao did not include any counts alleging violations of the A.D.A. or any other federal law. Moreover, this is not a case in which a vindication of a right under state law turns on federal law.

The state of the pleadings and the law as set out above makes plain that this court has neither federal question jurisdiction nor any other form of jurisdiction over this matter. However, to the extent this court finds otherwise, Mr. Carao has also filed a Motion for Leave to File Amended Complaint with this Court to change paragraph 77 to omit any mention of the Americans with Disabilities Act. In the event that this matter is not remanded to the Massachusetts Superior Court, Mr. Carao reserves the right to amend his complaint to include a claim under the Americans with Disabilities Act.

## **CONCLUSION**

For all the foregoing reasons, your plaintiff Aldrin Carao respectfully requests that this Honorable Court enter its ORDER REMANDING this action to the Massachusetts Superior Court for its adjudication and disposition.

RESPECTFULLY SUBMITTED,
ALDRIN CARAO, PLAINTIFF

BY HIS ATTORNEYS

/s/ Paul H. Merry
Paul H. Merry, Esq
BBO No. 343580
Elizabeth Mason, Esq.
BBO No. 660915
Law Office of Paul H. Merry
1 Gateway Center
300 Washington Street, Suite 308
Newton, MA 02458
(617) 720-2400
paul.merry@fairworkplace.net
elizabeth.mason@fairworkplace.net

CERTIFICATE OF SERVICE

     I, Paul H. Merry, hereby certify that the foregoing document was served on the defendants herein through the Electronic Court Filing System of the United States District Court for the District of Massachusetts, which system provides copies of documents filed to all counsel of record shortly following their electronic filing, which occurred on November 29, 2018.

                                              /s/ Paul H. Merry
                                              Paul H. Merry